United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 19, 2006**

**Charles R. Fulbruge III
Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-20561

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

HERBERT VANCE GOLDSMITH,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:04-CR-268-ALL

_____

Before JOLLY, PRADO, and OWEN, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:[1]

The Government appeals the district court's post-Booker non-guideline sentence of Herbert Vance Goldsmith.  After review of the record, based on the analysis set forth in United States v. Smith, 440 F.3d 704, 707-08 (5th Cir. 2006), we hold that the sentence is unreasonable, and, under the totality of the circumstances, we vacate Goldsmith's sentence, and remand for resentencing.

I

On March 17, 2004, Police from the City of Houston executed a search warrant on property owned by Goldsmith, but leased by him to

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a carwash business.[2] During the execution of the warrant one of the officers saw the cylinder of a revolver above Goldsmith's waist. Goldsmith told the officer that he was in possession of a firearm. Goldsmith was arrested and a loaded .22 caliber revolver was removed from his person. In addition to the revolver, Goldsmith was carrying $7,519 in cash.

On March 24, 2004, in an interview with an agent from the Department of Alcohol, Tobacco, and Firearms (ATF), Goldsmith confirmed that he was a convicted felon, and that he was carrying the .22 caliber revolver on his person on March 17. Additionally, Goldsmith explained that he was present at the carwash on the day of the search to purchase a car for his son, and thus, had the large amount of cash on his person.

On June 10, 2004, Goldsmith was charged as a felon in possession of a firearm in and affecting interstate or foreign commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), which is a felony offense. At his initial appearance on June 15, 2004, the magistrate ordered that Goldsmith be temporarily detained

---

[2] The search warrant was obtained after multiple complaints that illegal drugs and narcotics were being sold on the premises. The execution of the warrant resulted in the seizure of approximately 21.81 grams of cocaine, 1,845.98 grams of marijuana, 63.9 grams of prescription drugs, including Vicodin, two firearms (in addition to Goldsmith's revolver), a scale, and $9,876 in cash (in addition to that found on Goldsmith). Five individuals were arrested and charged with various narcotics counts resulting from the search. Goldsmith was not charged with any drug or narcotic offenses arising from the March 17, 2004 search.

pending his detention hearing.  At the detention hearing on June 18, 2005, bond was posted, and Goldsmith was released.

On November 23, 2004, Goldsmith pleaded guilty to the indictment without a plea agreement.  He remained free on bond pending sentencing.

Based on the uncontested presentence report, the Guidelines suggested a range of imprisonment from 27-33 months.  Arguing that Goldsmith was in fear of his safety and was thus carrying the gun for protection, Goldsmith's counsel at sentencing argued that a more appropriate sentence would be 12-18 months.  Citing Goldsmith's successful drug treatment, his lack of incident since posting bond, his "stable job and home life", and "the unlikely chance of recidivism", the district court sentenced Goldsmith to time served (three days), three years of supervised release, including six months of home confinement with absences for employment, religious services, medical care, and certain other events, and a fine of $3,000.  The Government objected to the sentence as unreasonable, and timely filed this appeal.

II

A

"The district court's application of the Guidelines, even after Booker, is reviewed de novo."  Smith, 440 F.3d at 706 (citing United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005)).  The district court's findings of fact relating to sentencing are accepted unless clearly erroneous.  United States v. Duhon, 440

3

F.3d 711, 714 (5th Cir. 2006) (citing <u>United States v. Creech</u>, 408 F.3d 264, 279 n.2 (5th Cir. 2005)).  Ultimately, under <u>United States v. Booker</u>, 543 U.S. 220, 260-61 (2005), we review the sentence for "unreasonableness" in the light of the factors set forth in 18 U.S.C. § 3553(a).[3]  <u>Id.</u>

"Our post-<u>Booker</u> case law has recognized three different types of sentences under the advisory Guidelines regime."  <u>Smith</u>, 440

---

[3] The factors set forth in 18 U.S.C. § 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed . . . medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for –
>     (A) the applicable category of offense committed by the defendant as set forth in the guidelines . . .;
>
> (5) any pertinent policy statement . . .;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . .

4

F.3d at 706-07 (articulating the three types of post-<u>Booker</u> sentences: (1) a sentence within the Guidelines range; (2) a sentence including a departure allowed or authorized by the Guidelines; and (3) a "non-Guideline sentence" -- "a sentence either higher or lower than the relevant Guideline sentence"). Because the district court's extreme reduction from the Guideline range in this case was not authorized by the Guidelines, Goldsmith's sentence is a non-Guideline sentence. Before a non-Guideline sentence is imposed, the district court must consider the Guidelines, "utiliz[ing] the appropriate Guideline range as a 'frame of reference'." <u>Id.</u> at 707 (citing <u>United States v. Fagans</u>, 406 F.3d 138, 141 (2nd Cir. 2005); and <u>United States v. Jackson</u>, 408 F.3d 301, 305 (6th Cir. 2005)). In addition, the district court must "more thoroughly articulate its reasons when it imposes a non-Guideline sentence than when it imposes" a Guideline sentence. <u>Id.</u> "These reasons should be fact-specific and consistent with the sentencing factors enumerated in section 3553(a). The farther a sentence varies from the applicable Guideline sentence, 'the more compelling the justification based on factors in section 3553(a)' must be." <u>Id.</u> (quoting <u>United States v. Dean</u>, 414 F.3d 725, 729 (7th Cir. 2005)); <u>see</u> <u>also</u> <u>Duhon</u>, 440 F.3d at 715.

"In reviewing for reasonableness, we assess whether the statutory sentencing factors support the sentence", recognizing that the "<u>totality</u> of the relevant statutory factors" must support

5

the sentence. <u>Duhon</u>, 440 F.3d at 715 (citing <u>United States v. McBride</u>, 434 F.3d 470, 477 (6th Cir. 2006)) (emphasis in the original) (finding a probation only sentence unreasonable where the Guidelines range was 27-33 months). Adopting the Eighth Circuit's standard from <u>United States v. Haak</u>, 403 F. 3d 997 (8th Cir. 2005), we have made clear that "[a] non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, <u>or</u> (3) represents a clear error of judgment in balancing the sentencing factors." <u>Smith</u>, 440 F.3d at 708 (emphasis added). On review of the record before us, we find that the sentence imposed on Goldsmith encompasses each of these errors and, consequently, is unreasonable.

B

In rejecting the Guidelines range of 27-33 months and sentencing Goldsmith to time served, three years supervised release, and a modest fine, the district court provided the following reasoning:

> The defendant is before this Court for his first encounter in the judicial – for possession of a firearm by a previously convicted felon. His first encounter with the judicial system was the felony conviction that is the basis for his arrest, an aggravated robbery when he was 17 years old.
>
> The defendant has had other arrests since that time involving misdemeanor charges, generally involving the possession of

6

marijuana. The defendant has acknowledged that he smoked marijuana on a daily basis since he was 15 years old but has been in recovery since he was arrested on this case and has not had any problems related to the use of drugs or the use of marijuana since he began the program associated with this arrest.

The defendant has not had any problems since he has been released and on pretrial supervision. The Court also acknowledges that the defendant has accepted responsibility for his actions, appears to be remorseful for his conduct, and indicated, foolishly, the Court believes, a need to carry a firearm for protection.

Although the defendant believed he had justifiable reasons for carrying a firearm, he accepts responsibility for the fact that he engaged in criminal conduct, and believes, as this Court does, that he understands the restrictions that are placed on him from – as a result of his earlier mistake, and that he can adhere to the law.

He has maintained stable employment, a stable residence and stable family life. The Court believes that taking into consideration all of the factors including regarding this offense, and considering them pursuant to 18 U.S. Code, Section 3553, as well as taking the sentencing guidelines into consideration, the Court has looked at the nature and circumstances of the offense and the history and characteristics of this defendant and has determined that the time previously served adequately punishes the defendant, promotes respect for the law, is sufficient to deter any additional criminal conduct from this defendant, and will protect the public from further crimes of this defendant.

The district court additionally entered a "Statement of Reasons" on June 16, 2005, that essentially repeats the reasoning provided at

7

sentencing as quoted above.[4] The reasons articulated fail to support a finding of reasonableness.

In view of the record before us, we hold that Goldsmith's sentence fails to satisfy each prong of the Haak standard, as expressed in Smith. First, the sentence "does not account for . . . factor[s] that should have received significant weight", as the sentence failed to consider: 1) an accurate view of Goldsmith's criminal history; 2) the seriousness of the offense, and the adequacy of the deterrence; and 3) the resulting disparities between sentences for similar crimes. Second, the sentence "gives significant weight to . . . irrelevant or improper factor[s]", by both relying on factors already accounted for in the calculation of the guideline range, and by relying on factors irrelevant to sentencing. Finally, the sentence "represents a clear error of judgment in balancing the sentencing factors" by allowing a defendant with seven prior convictions effectively to avoid a meaningful term of imprisonment. We discuss each prong in turn.[5]

---

[4] Specifically, citing the fact that Goldsmith was 17 when he committed the aggravated robbery, the district court found that "the characteristics of the defendant[,] and the unlikely chance of recidivism" supported the sentence given. Additionally, based upon "the nature of the offense and the circumstances of the defendant" the Statement of Reasons notes that "a sentence below the guideline imprisonment range will adequately punish the criminal conduct, promotes [sic] respect for the law and will serve as a deterrence [sic] from further criminal activity".

[5] In his brief, although generally arguing that the factors of 18 U.S.C. § 3553(a) support his sentence, Goldsmith makes no specific arguments tying any of the § 3553(a) factors to his sentence. Instead, Goldsmith relies primarily on two points:

8

(1)

Goldsmith's sentence "does not account for [several] factor[s] that should have received significant weight". Smith, 440 F.3d at 708. First, § 3553(a)(1) requires consideration of "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Goldsmith has a fairly extensive criminal history including seven convictions in twenty-two years.[6] The district court erroneously found that Goldsmith

First, a general discussion of the district court's discretion post-Booker; and second, his explanation for carrying the .22 caliber pistol. The former fails to provide specific reasoning sufficient to support a finding in Goldsmith's favor. The latter is irrelevant (and apparently disbelieved by the district court).

Goldsmith explained his possession of the revolver by noting that he was victimized in two recent incidents of assault and robbery while patronizing local nightclubs. Thus, in fear for his safety, Goldsmith argues he was forced to carry the loaded revolver. Goldsmith argues that because the statute criminalizing his possession of a firearm was not aimed at preventing felons from protecting themselves, the reduction in sentence was appropriate. The district court expressed little acceptance for this explanation stating, "Gosh. How does somebody have that much bad luck? Just – I mean, obviously you can't help it if somebody – it's not your fault if you a [sic] victim of a crime, but there is such a thing as being in the wrong place at the wrong time. . . . People who are getting shot are someplace where they're likely to get shot." At sentencing the district court explained that the defendant "indicated, foolishly, the Court believes, a need to carry a firearm for protection." Consequently, it does not appear that Goldsmith's proffered justification for the revolver was a factor in the district court's decision to sentence him leniently.

[6] In 1982 Goldsmith was convicted of aggravated robbery, earning him a sentence of 15 years. Additionally in 1982 Goldsmith was convicted of theft. In 1992 Goldsmith pleaded guilty to a state charge involving his second felony, unlawful possession of a firearm by a felon. Two weeks after his probation ended in 1997 on the state felon-in-possession charge, Goldsmith was convicted of deadly conduct and marijuana possession. Less than two years

9

had not been convicted of a felony since he was seventeen, a conclusion the defendant concedes ignored his 1992 felony conviction. Based on this error, the district court found that given the perceived minor nature of the offenses since that time, Goldsmith presented little risk of recidivism. This finding is not consistent with the reality of Goldsmith's criminal history. Not only has Goldsmith found himself in a tangle with the law every few years since he was 17, his record contains an adult conviction for the state felony equivalent to the conviction now at issue -- felon in unlawful possession of a firearm. It seems ironic that Goldsmith's criminal history would be construed to his benefit at sentencing, or that it would give any assurance as to recidivism. Such construction by the district court fails to give Goldsmith's criminal history the negative significance it deserved under § 3553(a)(1).

Second, the district court misapplied § 3553(a)(2)(a) and (b), requiring the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[,] and to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2). The district court thought that the sentence imposed would deter this defendant and protect the public from him. We think this was error. In 1992

later, Goldsmith was convicted of possession of marijuana and driving while intoxicated. Finally, in 2004, Goldsmith pleaded guilty to the federal felon-in-possession charge related to this appeal.

10

Goldsmith was convicted of the identical state felony and was given a more severe sentence than the one currently before us. Yet, in 2004 Goldsmith committed the identical federal felony. This fact should be sufficient evidence that supervised release alone is not adequate to deter this conduct by this defendant. Further, focusing on the effectiveness of the deterrence as to this defendant alone does not fulfill the purpose of § 3553(a)(2). See Duhon, 440 F.3d at 721 (Garza, J., concurring) (reasoning that the district court erred as to § 3553(a)(2) by failing "to explain how a sentence of probation would discourage others").

Finally, the district court omitted any consideration of § 3553(a)(6)'s concern for "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). "Although the district court need not, in most cases, explicitly discuss each of the § 3553(a) factors, a sentence so far outside the Guidelines range is not reasonable without consideration of the resulting disparity." Smith, 440 F.3d at 710 (Garza, J., concurring).

(2)

The district court also erred when it "g[a]ve significant weight to . . . irrelevant or improper factor[s]." The district court's primary justifications for the sentence given were: 1) the district court's belief that Goldsmith's criminal history indicated no future risk of recidivism; 2) Goldsmith's acceptance of responsibility; 3) Goldsmith's clean record while on bond, including successful participation in drug treatment; and 4) Goldsmith's stable family and work life. All of these justifications are "irrelevant or improper factor[s]" in this sentence because each is either based on an incorrect factual premise, or already considered in the calculation of the Guideline range.

First, as discussed above, the district court erred in stating Goldsmith's criminal history, saying that he had committed no felony after his 1982 conviction, and that his criminal history thus indicated no risk of recidivism. By relying on inaccurate facts, the district court placed significant weight on an improper factor. See, e.g., United States v. Castillo, 430 F.3d 230, 244 (5th Cir. 2005) (vacating a sentence where the factual findings and resulting conclusions by the district court were clearly erroneous).

Second, each of the remaining justifications had already been accounted for, to the extent they were relevant at all, in the calculation of the Guidelines range. The district court cited

12

Goldsmith's acceptance of responsibility. Yet, the Guideline sentence had accounted for his acceptance by reducing Goldsmith's offense level from 20 to 17, resulting in the reduction of the Guideline range from 37-46 months, to 27-33 months. See United States v. Haverstat, 22 F.3d 790, 795 (8th Cir. 1994) (rejecting the defendant's argument for a downward departure based on his guilty plea, and finding that "[a] guilty plea before trial is a factor to be considered only in the acceptance of responsibility determination under U.S.S.G. § 3E1.1"). Next, the district court again cited to Goldsmith's criminal history, his successful participation in drug rehabilitation "since he was arrested on this case", and the fact that "he has not had any problems since being released on pretrial supervision", all as indicators of "the unlikely chance of recidivism." As discussed above, we find this view of Goldsmith's criminal history unpersuasive. The district court's reliance on post-offense rehabilitation is likewise misplaced as the reduction for acceptance of responsibility given Goldsmith accounted for this rehabilitation. See U.S.S.G. § 3E1.1, comment n.1. (g) (in determining the defendant's eligibility for an acceptance of responsibility reduction consideration is given to "post-offense rehabilitative efforts (e.g., counseling or drug treatment)"). While Goldsmith's efforts at rehabilitation are commendable, there is nothing extraordinary in good behavior while on bond, or post-offense drug treatment -- certainly nothing that merits a sentence so seriously below the Guidelines range as this

13

one.  See, e.g., United States v. Rogers, 400 F.3d 640, 641-42 (8th Cir. 2005) (holding that because post-offense rehabilitation is accounted for in acceptance of responsibility "a defendant's rehabilitation must be exceptional enough to be atypical" to warrant further reduction in sentence, and that the defendant's "reuniting with family and remaining drug-free, while commendable, are not extraordinary or atypical").

Finally, the district court cited Goldsmith's "stable employment, . . . stable residence, and stable family life" as justification for the very significant decrease in sentence.  Yet the Guidelines clearly state that "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted."  U.S.S.G. § 5H1.6; see also United States v. Brown, 29 F.3d 953, 961 (5th Cir. 1994) (holding under the mandatory Guidelines that familial circumstances and responsibilities do not justify departure from the Guideline range absent "unique or extraordinary circumstances").  Consequently, each of the primary factors the district court articulated for the non-Guideline sentence imposed on Goldsmith are improper or inappropriate in this case, and thus should not have been given "significant weight" by the district court.  See Smith, 440 F.3d at 708.


III


14

In conclusion, we do not gainsay the district court's statutory freedom to consider circumstances it finds inadequately represented in the Guideline range. <u>See</u> U.S.S.G. § 5K2.0(a). Nor do we intend by this opinion to remove any of the flexibility provided to sentencing judges by <u>Booker</u>. However, in the light of the reasoning stated by the district court and the record in this case as discussed above, we must conclude that a sentence of time served plus three years of supervised release where the Guidelines range was 27-33 months can only be explained as a "clear error of judgment in balancing the sentencing factors". <u>See</u> <u>Smith</u>, 440 F.3d at 708. We therefore VACATE Goldsmith's sentence, and REMAND for resentencing not inconsistent with this opinion and the precedents cited herein.

VACATED and REMANDED.