**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2012

Lyle W. Cayce
Clerk

No. 11-50185

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE RAMON GEREZANO-ROSALES,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas

Before GARZA, DENNIS, and HIGGINSON, Circuit Judges.

GARZA, Circuit Judge:

Jose Ramon Gerezano-Rosales ("Gerezano") appeals his non-Guidelines sentence of 108 months of imprisonment for illegal reentry. We VACATE Gerezano's sentence and REMAND for resentencing.

I

Gerezano pleaded guilty to an indictment charging him with illegal reentry. *See* 8 U.S.C. §§ 1326(a) & (b). The presentence report ("PSR") calculated an advisory Guidelines range of imprisonment of 57–71 months. At sentencing, the district court adopted the PSR's calculation of the Guidelines range. After giving Gerezano the opportunity to allocute, the district court orally sentenced Gerezano to 71 months, finding that the "advisory guidelines are

No. 11-50185

adequate and that a fair and reasonable sentence can be achieved with a sentence selected from within the advisory range."

However, after the district court orally sentenced Gerezano, it apparently discovered for the first time that Gerezano could understand English. Gerezano's knowledge of English caused the court to question the veracity of some of the mitigating statements Gerezano had made during his allocution. As the district court proceeded to admonish Gerezano regarding the terms of his eventual supervised release, Gerezano interrupted the court and questioned the length of his sentence. The following colloquy ensued:

> THE COURT: Stop. I don't want to hear anymore from you. I have already sentenced you. Do you understand that you are not to –
>
> MR. GEREZANO: Why are you giving me so much time?
>
> THE COURT: Because I think that is appropriate in your case, Mr. Gerezano.
>
> MR. GEREZANO: No.
>
> THE COURT: I think you are [a] liar. I think you have a horrible attitude. I don't think you have any business being in the United States period. You come in to do nothing but commit crimes, serious crimes.
>
> MR. GEREZANO: I haven't done –
>
> THE COURT: That's what your criminal history. Would you like for me? You don't like your sentence, I take it? Okay. Well, I'm going to change it; but I am going to find that the guidelines are not adequate; that since I have sentenced you the circumstances have changed based on your attitude, your lack of respect, your demeanor and your failure to –
>
> MR. GEREZANO: I'm sorry.
>
> THE COURT: – understand the laws of the United States.

No. 11-50185

MR. GEREZANO: I'm not disrespecting.

THE COURT: You are. I find that you are disrespecting me. I stand for the law of the United States and your demeanor is disrespectful. Your words are disrespectful. Everything about you so far has been disrespectful since I just sentenced you. That is changed circumstances. Because of that I find that the guidelines are no longer adequate. So your sentence instead of 71 months will now be 108 months. Would you like to keep working up?

MR. GEREZANO: No.

THE COURT: Then I suggest you learn to be respectful.

The district court's statement of reasons provided that it imposed a sentence above the Guidelines range in order to promote respect for the law and to afford adequate deterrence to criminal conduct. *See* 18 U.S.C. §§ 3553(a)(2)(A), (a)(2)(B). This appeal followed.

## II

On appeal, Gerezano claims that the district court lacked jurisdiction to "re-sentence" him to 108 months in prison after initially sentencing him to a 71-month term of imprisonment. He also asserts that the district court's initial 71-month sentence was substantively unreasonable. Lastly, Gerezano contends that even if the district court had jurisdiction to "re-sentence" him after announcing the initial sentence, the non-Guidelines, 108-month sentence was procedurally and substantively unreasonable.[1]

## A

Gerezano claims that the district court lacked jurisdiction to modify his sentence during the sentencing hearing from 71 months to 108 months. He

---

[1] Because of our resolution of Gerezano's challenge to the reasonableness of his sentence, we need not address his separate argument challenging his sentence under the Due Process Clause.

No. 11-50185

contends that the district court's initial oral formulation of his sentence was a binding sentence, which the district court could only modify under the limited circumstances enumerated in 18 U.S.C. § 3582(c), which lists the exclusive situations under which a sentencing court can modify a term of imprisonment once it has been imposed.  Because the district court did not increase its initial formulation of Gerezano's sentence for any of the grounds contained in § 3582(c), Gerezano asserts that the district court lacked jurisdiction to modify his sentence.  We review whether the district court had jurisdiction to impose the 108-month sentence *de novo.  See United States v. Meza*, 620 F.3d 505, 507 (5th Cir. 2010).

In *Meza*, we declined to hold that a district court's initial oral formulation of a sentence "*instantaneously* strips the district court of its jurisdiction" to change the initially announced sentence.  620 F.3d at 508 (declining to adopt a "draconian rule" whereby a "district court's initial formulation of the sentence is the type which *instantaneously* strips the district court of its jurisdiction to sentence criminal defendants and immediately vests such jurisdiction with this court").  As in *Meza*, we conclude that the district court's initial oral announcement of Gerezano's sentence did not constitute a binding sentence and therefore did not strip the court of jurisdiction to change its initial formulation.  Although the district court did not change Gerezano's sentence upon a request by one of the parties to alter its initial formulation, *cf.*, *id.*, the court changed its initial formulation before it adjourned the sentencing hearing.  Thus, there was "no formal break in the proceedings from which to logically and reasonably conclude that sentencing had finished."  *Id.* at 509.  Accordingly, the district court did not lack jurisdiction to impose the 108-month sentence.

B

Gerezano also challenges the reasonableness of his sentence.  First, he contends that the initial 71-month sentence was substantively unreasonable.

No. 11-50185

Second, Gerezano asserts that the district court's decision to raise his sentence to 108 months was procedurally and substantively unreasonable.

We review a challenged sentence for reasonableness under a two-part test. *United States v. Rhine*, 637 F.3d 525, 527 (5th Cir. 2011). First, we review a sentence to ensure that the sentencing court did not commit a significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Second, we determine whether the challenged sentence was substantively unreasonable by considering "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Rhine*, 637 F.3d at 528 (quoting *Gall*, 552 U.S. at 51).

Gerezano claims that the initial 71-month sentence was substantively unreasonable because the district court placed significant weight on an improper factor—*i.e.*, his arrests for conduct that did not lead to convictions.

Gerezano contends that he preserved error on his challenge to the reasonableness of his 71-month sentence by asking the district court why it had "given him so much time" and disagreeing with the court that the sentence was appropriate in his case. However, even if (1) Gerezano's statements sufficiently raised his claim of substantive sentencing error to allow the district court to correct itself, *see United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009), and (2) it were possible for Gerezano to perfect an appeal from the district court's initial formulation of his sentence, the court did not abuse its discretion when setting the initial sentence.

5

No. 11-50185

When the district court announced its initial formulation of Gerezano's sentence, it explicitly stated that it was "not taking into account all of the uncharged conduct," noting that if it had considered the uncharged conduct, "this man would be looking at a lot more time in prison." Accordingly, the district court could not have abused its discretion by considering uncharged conduct when it announced the 71-month sentence because the court did not consider such conduct when formulating Gerezano's sentence.

C

Gerezano also claims that his 108-month, non-Guidelines sentence was procedurally and substantively unreasonable. First, Gerezano contends that his non-Guidelines sentence was procedurally unreasonable. He asserts that the district court raised the sentence from 71 to 108 months based on an erroneous finding that he had disrespected the court after it announced the initial Guidelines sentence. Second, Gerezano claims that the non-Guidelines sentence was substantively unreasonable. He contends that the district court failed to state a specific reason for ordering a non-Guidelines sentence that was different than its prior reasons for setting a Guidelines sentence of 71 months. He also maintains that the district court had no legal basis to impose the 108-month sentence because the comments he made after the initial sentence was announced did not justify increasing his sentence.

1

Gerezano asserts that we should review his challenges to the reasonableness of the 108-month sentence under an abuse of discretion standard, even though he did not object to the sentence in the district court. He contends that objecting to the 108-month sentence would have been futile given the district court's reaction when he objected to his initial sentence. In particular, Gerezano asserts that objecting to the 108-month sentence would

No. 11-50185

have been "suicidal" because, after he objected to his initial sentence, the court raised his sentence and asked him if he "Would like to keep working up."

"Generally, if a party fails to timely raise an issue in district court, we will review it for plain error unless the party made its position clear to the district court and to have objected would have been futile." *United States v. Castillo*, 430 F.3d 230, 242 (5th Cir. 2005) (citation omitted).  In other words, under certain circumstances a party can preserve sentencing error without a formal objection if (1) "[t]he essential substance of the objection is obvious and was made known to the district court" and (2) the "context of the [informal] objection and ruling" suggests that "counsel was entitled to believe that further explanation would not be welcomed or entertained by the district court." *United States v. Mendiola*, 42 F.3d 259, 261 n.2 (5th Cir. 1994); *see also* FED. R. CRIM. P. 51 ("If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party.").

Under these circumstances we determine Gerezano has established that (1) he clearly communicated to the district court the essential substance of his challenges to the procedural and substantive reasonableness of his sentence and (2) to have objected would have been futile.  *See Castillo*, 430 F.3d at 243 (describing district court behavior creating "unique circumstances" that excused the necessity of formal error preservation).

First, Gerezano's statements at sentencing made the essential substance of his objections obvious to the district court.  After the district court initially announced a sentence of 71 months, Gerezano asked the court why it had given him so much time and disputed the court's determination that the 71-month sentence was appropriate.  When the district court subsequently stated that it was changing Gerezano's sentence based on his attitude, lack of respect, demeanor, and failure to understand the laws of the United States, Gerezano said, "I'm sorry" and "I'm not disrespecting."

7

No. 11-50185

Taken together, Gerezano's comments informed the district court of the essential substance of his objections to the reasonableness of his sentence. Gerezano directly disputed the district court's finding that he had been disrespectful to the court, thereby generally informing the court of his challenge to the procedural reasonableness of his sentence. Further, although Gerezano did not question the substantive reasonableness of the 108-month sentence after it was announced, we conclude that his prior comments challenging (a) the length of his initial sentence and (b) the district court's basis for raising the initial sentence were sufficient to preserve his challenge to the substantive reasonableness of the 108-month sentence. As discussed below, Gerezano could have reasonably believed that the district court would have raised his sentence again if he had objected to the 108-month sentence. Given these circumstances, we conclude that Gerezano's comments questioning his initial sentence and the court's finding that he had been disrespectful communicated the essential substance of his objections to the district court.

Second, the comments made by the district court when it raised Gerezano's sentence to 108 months entitled Gerezano and his counsel to believe that a formal objection (1) would have been futile and (2) would have potentially caused the court to further increase the sentence. After Gerezano challenged the length of his initial sentence and disputed the district court's statement that he had been disrespectful, the district court changed Gerezano's sentence from 71 to 108 months and asked Gerezano, "Would you like to keep working up[.]" When Gerezano said no, the court responded, "Then I suggest you learn to be respectful." The clear implication of the district court's statement was that the district court would raise Gerezano's sentence if he persisted in questioning it. Thus, Gerezano could have reasonably interpreted the district court's question asking him whether he would "like to keep working up" as a threat to increase his sentence if he objected to it. Accordingly, under these circumstances we

8

No. 11-50185

conclude that Gerezano preserved error on his challenges to the reasonableness of his 108-month sentence, even though Gerezano did not formally object to his 108-month sentence or fully articulate the basis of his objections. *See United States v. Bernal*, 814 F.2d 175, 182–83 (5th Cir. 1987) (holding that a defendant's objection to a jury charge was adequate when the district court cut short the defendant's objection and the "defendant was not afforded the opportunity to explain his objection fully"). Thus, we will review Gerezano's non-Guidelines sentence for reasonableness under an abuse of discretion standard. *Mondragon-Santiago*, 564 F.3d at 360.

2

Gerezano contends that the district court committed procedural error by imposing the 108-month, non-Guidelines sentence based on a clearly erroneous fact—*i.e.*, that Gerezano was being disrespectful when he questioned the appropriateness of the originally imposed 71-month sentence. In assessing whether a district court committed procedural error by selecting a sentence based on a clearly erroneous fact, "[a]ppellate review is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant." *United States v. Key*, 599 F.3d 469, 473 (5th Cir. 2010) (citation omitted). After the district court initially announced the 71-month sentence, Gerezano appears to have interrupted the court multiple times, questioned the length of his sentence, and challenged the district court's assessment of his criminal history and attitude. Given the difficulty of assessing tone and demeanor from a cold transcript, we defer to the district court's finding that Gerezano was disrespectful to the court after it initially announced a 71-month sentence. *See id.*

No. 11-50185

3

Lastly, Gerezano asserts that his non-Guidelines sentence was substantively unreasonable. He maintains that the district court failed to state a specific reason for ordering a non-Guidelines sentence that was different than its prior reasons for setting a Guidelines sentence of 71 months. He further contends that there was no legal basis to support the non-Guidelines sentence because the comments he made after the district court announced the 71-month sentence did not justify a variance from the Guidelines.

"In reviewing a non-[G]uidelines sentence for substantive unreasonableness, the court will consider the totality of the circumstances, including the extent of any variance from the Guidelines range," *id.* at 475 (citation omitted), to determine "whether, as a matter of substance, the sentencing factors in section 3553(a) support the sentence." *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (citations omitted). "A non-[G]uideline[s] sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012) (quoting *Smith*, 440 F.3d at 708). In making this determination, we must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

The Government asserts that the district court's statement of reasons establishes that the court varied from the Guidelines due to Gerezano's disrespect for the laws of the United States and the need to deter future criminal conduct—findings which are supported by the record and have a statutory basis in § 3553(a). However, we conclude that the 108-month, non-Guidelines sentence unreasonably fails to reflect the § 3553(a) sentencing factors because

the sentence represents a clear error in judgment in balancing the sentencing factors. Specifically, although we acknowledge the district court reasonably found that Gerezano had disrespected the court, we hold that it was unreasonable for the district court to impose a three-year variance from the Guidelines primarily based on that disrespect, especially since the court had previously announced a sentence within the Guidelines.

The district court's statements at sentencing reveal that it primarily imposed the non-Guidelines sentence because it found that Gerezano's reaction to the initial sentence was disrespectful. *See Broussard*, 669 F.3d at 551–52 (examining statements made by district court at sentencing to determine its reasons for imposing the defendant's sentence). For instance, when the court stated that it would increase Gerezano's sentence, it said: "I find that you are disrespecting me. I stand for the law of the United States and your demeanor is disrespectful. Your words are disrespectful. Everything about you so far has been disrespectful since I just sentenced you. . . . Because of that I find that the guidelines are no longer adequate." The district court then stated that Gerezano's disrespect justified increasing his sentence from 71 to 108 months and asked, "Would you like to keep working up?" When Gerezano said no, the court replied, "Then I suggest you learn to be respectful." Further, the district court initially found that a Guidelines sentence would be adequate and formally announced a Guidelines sentence—facts which support our conclusion that the court imposed a non-Guidelines sentence based on Gerezano's reaction to his initial sentence.

By equating itself with the "law of the United States," the district court appears to have intended to set a non-Guidelines sentence in order "to promote respect for the law" under 18 U.S.C. § 3553(a)(2)(A). We take no position regarding whether a district court's duty to impose a sentence based, in part, on the need "to promote respect for the law" under § 3553(a) allows a district court

No. 11-50185

to consider statements made by a defendant at sentencing that are disrespectful to the court itself.  However, even if district courts can consider such statements when assessing the need for a sentence to promote respect for the law, the district court's decision to impose a three-year variance based on Gerezano's disrespect constituted a clear error in judgment in balancing the sentencing factors.  *Id.* at 551; *see United States v. Goldsmith*, 192 F. App'x 261, 268 (5th Cir. 2006) (unpublished) (holding that "in the light of the reasoning stated by the district court and the record" that the district court's sentence "can only be explained as a 'clear error of judgment in balancing the sentencing factors'") (citation omitted).

Specifically, after the district court announced the initial sentence, Gerezano  (1) interrupted the court to ask why it had given him so much time, (2) disputed the district court's determination that his sentence was appropriate by saying "no", and (3) attempted to dispute the district court's assessment of his criminal history by saying "I haven't done–."  Based on this record, no matter how insolently Gerezano delivered his retorts to the district court, his statements could not have reasonably justified a variance of three years above the Guidelines range, especially since the court had previously found that a Guidelines sentence was otherwise appropriate.  *See Gall*, 552 U.S. at 47 ("In reviewing the reasonableness of a sentence outside the Guidelines range, [we] may . . . take the degree of variance into account and consider the extent of a deviation from the Guidelines.")*; Broussard*, 669 F.3d at 551 (same).

Given the context of the entire sentencing hearing, particularly the district court's implicit threat to raise Gerezano's sentence if he questioned the non-Guidelines sentence, we conclude that the 108-month, non-Guidelines sentence was substantively unreasonable because it constituted a clear error in

No. 11-50185

judgment in balancing the sentencing factors under the totality of the circumstances.  *Broussard*, 669 F.3d at 551; *Goldsmith*, 192 F. App'x at 268.[2]

### III

We VACATE Gerezano's sentence and REMAND for resentencing.

---

[2] Gerezano's argument that the enhanced penalties under 8 U.S.C. § 1326(b) are elements of the offense that must be proved to a jury beyond a reasonable doubt is, as he concedes, foreclosed. *See Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007).

No. 11-50185

DENNIS, Circuit Judge, concurring in part and concurring in the judgment.

I join in the majority's judgment that Gerezano-Rosales' 108-month non-Guidelines sentence was substantively unreasonable and that the sentence must therefore be vacated and remanded for resentencing.[1] However, I believe that the district court should be instructed to reinstate its initial sentence of 71 months without conducting further proceedings. The 37-month increase in the sentence was not merely a substantively excessive and unreasonable sentence for Gerezano's crime; it was in reality extra punishment imposed for what the court found to be his disrespectful conduct in court during the sentencing proceeding. The record in this case does not support a finding that Gerezano acted disrespectfully or in contempt of court during the sentencing proceedings; and the district court did not adhere to the limiting procedures required of it in punishing a contempt of court.

A district court commits procedural error when, inter alia, it "select[s] a sentence based on clearly erroneous facts." *Gall v. United States*, 552 U.S. 38, 51 (2007). Appellate review of a district court's factual findings "is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant." *United States v. Key*, 599 F.3d 469, 473 (5th Cir. 2010) (quoting *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008)). However, this deference does not shield the district court from review where the record reflects that the factual finding was clearly erroneous.

The district court stated that it increased Gerezano-Rosales' sentence by 37 months because of Gerezano-Rosales' "attitude, . . . lack of respect, . . . demeanor and . . . failure to understand the laws of the United States," and

---

[1] I also join in the majority's opinion with regard to sections I, II.A, II.B., II.C.1, and II.C.3.

14

No. 11-50185

specifically stated that: "I find that you are disrespecting me. I stand for the law of the United States and your demeanor is disrespectful. Your words are disrespectful. Everything about you so far has been disrespectful since I just sentenced you." The district court made this factual finding of disrespect after Gerezano-Rosales answered several questions in English, although he been assigned an interpreter at his request, then asked the judge why he was being sentenced to "so much time," and disagreed with the judge's assessment of his attitude and findings as to his past actions. Thus, the record does not reflect that Gerezano-Rosales had shown any disrespect toward the court, but in my view only reflects that he asked the reasons for the length of the sentence and objected to the court's ruling that it was not unreasonable.

Ultimately, in my view, he was punished for doing what our circuit precedent required that he do to preserve an issue for appeal: object with specificity. A defendant who does not object to his sentence will, on appeal, be subject to the stringent "plain error" standard of review. *United States v. Hernandez-Martinez*, 485 F.3d 270, 272-73 (5th Cir. 2007)).[2] Unless the defendant makes his objection "sufficiently clear, the issue is considered forfeited." *United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). The objection must be specific; a vague claim of error is insufficient to preserve the objection for appeal. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). In other words, a general objection to the sentence length will not be sufficient to preserve specific issues for appeal.

---

[2] A defendant can prevail under the plain error standard of review only if he can establish "(1) an error; (2) that is clear and obvious; and (3) that affected his substantial rights." *Hernandez-Martinez*, 485 F.3d at 273. If he establishes all three conditions, the court then has the discretion to grant relief, but only if "'the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

15

No. 11-50185

Moreover, 18 U.S.C. § 3553(c) requires the district court "at the time of sentencing, [to] state in open court the reasons for its imposition of the particular sentence." If the court fails to give sufficient reasons, we have held that the parties must request that it do so: "Unless a party contests the Guidelines sentence generally under § 3553(a)—that is, argues that the Guidelines reflect an unsound judgment, or, for example, that they do not generally treat certain defendant characteristics in the proper way—or argues for departure, the judge normally need not say more." *Whitelaw*, 580 at 261. It cannot be that a defendant can be found disrespectful for simply requesting the very explanation that a court is mandated by law to give. In the context of this case and given the specific, appropriate language used by the defendant, his request and objection alone do not constitute disrespect warranting punishment either for contempt of court or as a higher sentence under the guidelines.

There is no evidence in the record that Gerezano-Rosales acted inappropriately while he made his request and objection. The record does not reflect that he cursed, used foul or disrespectful language, or made inappropriate gestures. The record reflects only that he answered in English although he had an interpreter,[3] objected to the sentence, and verbalized his disagreement with the district court's assessment of the facts, which he is required to do in order to preserve his issues for appeal. As the majority acknowledges in its opinion, the district court increased Gerezano-Rosales' sentence because he "appears to have interrupted the court multiple times, questioned the length of his sentence, and

---

[3] The sentencing judge's possible chagrin at his display of rudimentary knowledge of English does not appear justified: his simple exchange with the judge did not warrant a finding that his use of an interpreter was a sham or an artifice, or that his earlier statement that he did not speak English when he was convicted in Virginia, more than fifteen years ago, was a lie.

No. 11-50185

challenged the district court's assessment of his criminal history and attitude."[4] To sustain a finding of disrespectfulness and a substantial increase in sentence on these grounds will place defendants in a position of having to risk being given a higher sentence in order to preserve their objections and arguable issues for appeal. This will have a chilling affect on defendants, particularly those who are pro se, who either do not speak English or speak it only meagerly as a second language, or who are not familiar with the legal system. Without evidence that Gerezano-Rosales did more than request clarification or object to his sentence—as he is authorized and required to do by law in order to assert his legal rights—I cannot agree that our standard of judicial review is so deferential as to prevent our determining that the district court's finding of disrespect was clearly erroneous.

If the district court believed that the defendant had acted disrespectfully in court, it should have used contempt proceedings rather than a sentence enhancement to punish him. The judge has the authority to maintain decorum in the courtroom and sanction disrespect using criminal contempt proceedings. 18 U.S.C. § 401; Fed. R. Crim. P. 42. Even if we were to assume that Gerezano-Rosales' conduct amounted to a direct contempt in the court's presence, which is not supported by the record, the maximum punishment that the judge could have imposed would have been six months' imprisonment. Where the contempt sentence would exceed six months' imprisonment, a jury trial is constitutionally required. 3A Charles Alan Wright et al., Federal Practice and Procedure § 706 (4th ed. 2011); *see also Bloom v. Illinois*, 391 U.S. 194, 208 (1968). In addition, "[i]f the criminal contempt involves disrespect toward or criticism of a judge, that

---

[4] The record reflects that Gerezano-Rosales interrupted the judge only three times after the sentence was initially given, which may have been a product of the time delay caused by translation. He appeared to interrupt the judge in order to ask why he was being given a 71-month sentence; and then he once interrupted to apologize, and once to answer the judge's question with a simple "yes."

17

judge is disqualified from presiding at the contempt trial or hearing unless the defendant consents." Fed. R. Crim. P. 42(a)(3). Courts cannot ignore the rules governing contempt-of-court proceedings by treating the in-court misconduct as a § 3553 sentencing factor warranting an upward sentence variance without undermining the fairness and due process protections that surround and restrain the judicial power to punish for contempt of court.

For these reasons, I concur in the majority opinion's judgment to vacate the sentence and remand for resentencing, but in doing so I would also instruct the district court to reinstate its initial within-Guidelines sentence of 71 months' imprisonment. *See* 18 U.S.C. § 3742(f)(1) ("If the court of appeals determines that the sentence was imposed in violation of law . . . the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate."). By remanding with such an instruction, we could have avoided any appearance of partiality without resorting to the more strenuous safeguard of reassignment.