Opinion by Judge RAWLINSON; Dissent by Chief District Judge NAVARRO.
OPINION
RAWLINSON, Circuit Judge:
Appellant Ramon Ochoa (Ochoa) challenges the two-year sentence imposed following violations of his supervised release conditions. Ochoa specifically contends that the district court erred in increasing his sentence to the two-year statutory maximum based on Ochoa’s apparently disrespectful conduct after the district. court imposed a sentence of twelve months and a day. Ochoa maintains that the district court lacked jurisdiction to increase *455 an already imposed sentence.[1] We do not agree.
I. BACKGROUND
Ochoa was originally indicted for being a felon in possession of firearms and ammunition and for conspiracy to distribute marijuana. Ochoa pled guilty to the felon in possession of firearms and ammunition charge and was sentenced to seventy months’ imprisonment and a thirty-six month period of supervised release.
While Ochoa was still subject to supervised release, the probation office pursued revocation based on Ochoa’s failure to participate in a residential reentry center program as directed. The probation officer had modified Ochoa’s conditions of supervision to include a 180-day stay at the reentry center “due to what [Ochoa] described as an unstable living situation at his parent’s home ...” However, Ochoa “demonstrated argumentative and disrespectful behavior towards the [reentry center] staff [,] ... failed to follow staff directives, and while [the probation] officer attempted to speak to [Ochoa] regarding his behavior and placement, [Ochoa] was argumentative and disrespectful and stated he was going to ‘walk away’ from the program, without permission.” In further support of revocation, the probation officer delineated that Ochoa had a prior history of violating reentry center policies, including testing positive for synthetic cannabis use, possession of a small knife, and abusive behavior towards reentry center staff.
Because Ochoa’s supervised release violation was a Grade C violation, the corresponding guidelines sentencing range was seven to thirteen months’ imprisonment. The probation officer recommended that the district court impose a sentence of twelve months and a day imprisonment. The government agreed with the recommended sentence.
During the revocation proceeding, the district court determined that the applicable statutory maximum was two years’ imprisonment and that the sentencing guidelines range was seven to thirteen months’ imprisonment. The district court initially observed that the recommended sentence of twelve months and a day was “way too low” considering Ochoa’s blatant disrespect for staff at the reentry center and for his probation officer. Ochoa responded that he did not intend to be disrespectful and apologized for his behavior. The district court then stated to Ochoa:
You are disrespectful. You think you can do and say anything you want to say just simply because you disagree.
That’s not acceptable. You think that you are on the same level and the same par with people who are responsible to get you on the right track, and you are wrong there too.
. You think that the fact that committing a crime and then having rules to follow as a result of it shouldn’t be that important to you, and you are wrong there too.
You just have this idea that you can do whatever you want and you are just dead wrong. And I can tell you that no matter what I do here, you are going to be back in the system because you have an attitude that absolutely tells everybody on the face of the planet that you know more than they do, you are smarter than they do [sic], and the law is not for you.
That’s too bad. You know, you talk about wanting to see your children. This is a way not to see your children.
*456 I can’t understand for the life of me, how you can’t see that, but for whatever reason, you can’t see it. And I don’t get it, I don’t understand it, but that’s up to you. You make your choices and we respond to them.
Following these comments, the district court judge imposed a sentence of twelve months and a day. After the judge informed Ochoa of his right to appeal, he inquired if there was “[ajnything else?” While Ochoa’s counsel attempted to clarify if Ochoa’s supervision was terminated, the judge observed that Ochoa was laughing. Ochoa stated that he was laughing because he was “just surprised.” The judge responded that Ochoa “just talked [himself] into more time” and explained to Ochoa that the court had “just lectured [him] about respect for the system and now you laugh at the court.” Although Ochoa stated that he was not laughing at the court, the judge expressed the view that Ochoa “won’t learn without giving the maximum,” and imposed the statutory maximum sentence of two years’ imprisonment. Ochoa’s counsel did not object to the district court’s imposition of the higher sentence.
Ochoa filed a timely notice of appeal of the sentence.
II. STANDARD OF REVIEW
We review de novo the district court’s jurisdiction to impose sentence. See United States v. Penna, 319 F.3d 509, 511 (9th Cir.2003).
III. DISCUSSION
Relying on 18 U.S.C. § 3582(c), Ochoa contends that the district court lacked jurisdiction to increase his sentence once the district court pronounced a lower sentence.
18 U.S.C. § 3582(c) provides in relevant part:
The court may not modify a term of imprisonment once it has been imposed except that — (1) in any case ... (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure ...
In turn, Federal Rule of -Criminal Procedure 35 states that “[wjithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error” and defines “sentencing” as “the oral announcement of sentence.” Fed.R.Crim.P. 35(a) & (c).
Although we have not addressed the specific issue raised in this case, other circuits have. In United States v. Meza, 620 F.3d 505 (5th Cir.2010), the Fifth Circuit considered whether the district court lacked jurisdiction under 18 U.S.C. § 3582(c) to correct a sentence after pronouncement of sentence and advisement that the defendant had a right to appeal. See id. at 506-07. After the district court had pronounced a sentence of thirty-three months’ imprisonment on the underlying charge and ten months’ imprisonment on revocation of supervised release, defendant’s attorney advised the district court that the sentencing range had been miscalculated. See id. at 507. The court acknowledged and corrected the miscalculation, but reformulated the sentence to reach the same total months of imprisonment. Rather than thirty-three and ten months respectively, the court reformulated the sentence to correspond to the correct guideline range of thirty months for the underlying charge and thirteen months on revocation of supervised release. See id.
On appeal, the defendant challenged the district court’s authority to reformulate the sentence after the sentence had been orally pronounced. See id. The defendant *457 argued that the second statement by the sentencing judge correcting the miscalculation and reformulating the sentence constituted an impermissible modification of her sentence. See id. at 508. However, the Fifth Circuit reasoned that the defendant’s argument would be viable only if “the initial utterance by the sentencing judge was in fact a binding sentence.... ” Id. at 508.
The Fifth Circuit observed that it had never applied “a draconian rule” that would preclude the modification of a sentence “made within the same hearing, on the same day, within moments of the original pronouncement.” Id. The Fifth Circuit explained that “[t]he unbroken sequence of actions in this case is a compelling factor in our consideration of Federal Rule of Criminal Procedure 35. This counsels in favor of ... construing the totality of the events as one sentence.” Id.[2]
The Fifth Circuit distinguished an unpublished disposition holding that the district court erred under Rule 35 by convening a separate hearing, and modifying the defendant’s sentence because the defendant “lodged a profanity-laden diatribe aimed at the sentencing judge” after sentence was imposed. Id. The Fifth Circuit faulted the district court in that case because “the modification ... happened after that sentencing judge gaveled the hearing adjourned” and therefore “required the sentencing judge to perform the affirmative act of reconvening the hearing and entering onto the record a sentence different than the one previously entered.... ” Id. at 508-09 (citation omitted). Unlike in the unpublished ease, the Fifth Circuit reasoned in Meza that there was no “formal break in the proceedings,” id. at 509, between the district court’s announcement of the sentence and defense counsel’s pointing out the district court’s error. See id. at 506-07.
In a more recent case, United States v. Gerezano-Rosales, 692 F.3d 393 (5th Cir.2012), the Fifth Circuit reiterated its reasoning. In Gerezano-Rosales, after the district court had orally pronounced sentence, it discovered that Gerezano spoke English, which called into question some of the representations made by Gerezano during the sentencing hearing. See id. at 396.
After a mildly heated exchange with the defendant regarding Gerezano’s negative attitude, the court made the following statement:
I find that you are disrespecting me. I stand for the law of the United States and your demeanor is disrespectful. Your words are disrespectful. Everything about you so far has been disrespectful since I just sentenced you. That is changed circumstances. Because of that I find that the guidelines *458 are no longer adequate. So your sentence instead of 71 months will now be 108 months....

Id.

On appeal, Gerezano challenged the authority of the district court to “re-sentence” him after the initial sentence was pronounced. The Fifth Circuit concluded that the district court’s initial, 71-month sentence was not a final sentence modifiable only according to § 3582(c) and Rule 35. The Fifth Circuit stated:
As in Meza, we conclude that the district court’s initial oral pronouncement of Gerezano’s sentence did not' constitute a binding sentence and therefore did not strip the court of jurisdiction to change its initial formulation.... Thus, there was no formal break in the proceedings from which to logically and reasonably conclude that sentencing had finished. Accordingly, the district court did not lack jurisdiction to impose, the 108-month sentence.
Id. at 397 (citation and internal quotation marks omitted).
Other courts are in accord with the Fifth Circuit’s interpretation of 18 U.S.C. § 3582(c) and Rule 35. In United States v. Luna-Acosta, 715 F.3d 860, 865 (10th Cir.2013), the Tenth Circuit observed that although “Rule 35(c) defines sentencing as the oral announcement of the sentence, nothing in the rule requires or suggests that whatever term or terms of imprisonment the district court first utters during a hearing is to be treated as the sentence ...” (internal quotation marks omitted). The Tenth Circuit adopted the Fifth Circuit’s holding in Meza that “a sentence is not final — and Rule 35(a) does not apply — when there is no formal break in the proceedings from which to logically and reasonably conclude that sentencing had finished....” Id. (citation and internal quotation marks omitted); see also United States v. Burgos-Andujar, 275 F.3d 23, 32 (1st Cir.2001) (concluding that the district court’s alteration of a sentence during the same hearing did not violate Rule 35).
We are persuaded by the reasoning of our sister circuits, and conclude that Rule 35 was not intended to deprive the district court of jurisdiction to alter a sentence during the course of the same hearing. The rule Ochoa advocates would strip district courts of flexibility to respond to evolving circumstances during sentencing hearings. Here, for example, Ochoa’s laughter signaled to the district court that Ochoa’s lack of interest in cooperating with those tasked with his rehabilitation was as severe as the court originally contemplated when remarking that the recommended sentence of twelve months and a day “seem[ed] ... way too low.” If the district court’s initial twelve-month-and-a-day sentence were final under Rule 35, the district court would have been unable to adjust the sentence to account for this unexpected development. Unanticipated events may also work in the defendant’s favor — a character witness might arrive at the hearing late, or a new piece of mitigating evidence might be discovered. Ochoa’s proposed rule would preclude a district court from adjusting the sentence downward in light of new information favorable to the defendant.
When the Fifth Circuit called the rule that Ochoa proposes “draconian,” this is what it meant — the rule would carve the district court’s initial pronouncement of sentence in stone, preventing the court from revising the sentence in light of new developments during the hearing. Meza, 620 F.3d at 508. Consistent with the rule adopted by other circuits, we hold that “a sentence is not final — and Rule 35(a) does not apply — when there is no formal break in the proceedings from which to logically *459 and reasonably conclude that sentencing had finished....” Luna-Acosta, 715 F.3d at 865 (citation and internal quotation marks omitted).[3]
IV. CONCLUSION
We hold that the district court’s initial, twelve-month-and-a-day sentence was' not a binding sentence within the meaning of Federal Rule of Criminal Procedure 35. Accordingly, neither 18 U.S.C. § 3582(c) nor Rule 35 deprived the district court of jurisdiction to alter Ochoa’s sentence due to Ochoa’s apparently disrespectful conduct during the ongoing sentencing hearing.
AFFIRMED.

. Ochoa has since withdrawn the other issues raised in his Opening Brief. See Notice of Withdrawal of Arguments dated May 15, 2015.

. Our dissenting colleague asserts that the rule we announce today is the "draconian” one, because it recognizes the district court’s power to double Ochoa’s sentence in response to Ochoa’s laughter at the sentencing hearing. Dissenting Opinion, p. 461. This argument confuses the district court's jurisdiction to announce sentence with the reasonableness of the sentence it announces. The district court is required to formulate a sentence for a supervised release violation according to the factors referred to in 18 U.S.C. § 3583(c). Whether the district court unreasonably doubled Ochoa’s sentence in response to Ochoa's behavior in light of those factors is not before us — Ochoa expressly withdrew all such contentions after oral argument. We therefore express no opinion on the matter. We note only that the reasonableness of the district court’s increased sentence is a separate question from whether the district court had jurisdiction to increase the sentence in the first place. We hold that the district court retained jurisdiction to alter the sentence until a "formal break in the proceedings” occurred, i.e., until the sentencing hearing concluded. United States v. Gerezano-Rosales, 692 F.3d 393, 397 (5th Cir.2012).

. According to our dissenting colleague, the plain text of Rule 35 provides that the district court's initial pronouncement of sentence is the final sentence, regardless of what might happen later during the hearing. See Dissenting Opinion, pp. 460-62. The dissent bases this conclusion on the definition in Rule 35 of “sentencing” as "the oral announcement of the sentence.” Fed.R.Crim.P. 35(c). However, the dissent does not explain why "the oral announcement of the sentence” must mean only the initial pronouncement of the sentence; the phrase may just as well refer to the sentencing hearing as a whole. We think that the latter meaning better provides for "the ■ just determination of every criminal proceeding” and "fairness in administration,” as it permits district courts flexibility in dealing with unexpected events at the hearing. Fed. R.Crim.P.2.