**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 12 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10233 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-00605-JAS-JR-2 |
| v. | |
| ARELVY MARIA CERECERES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted June 10, 2019[**]
San Francisco, California

Before: GOULD, IKUTA, and R. NELSON, Circuit Judges.

Arelvy María Cereceres was indicted on one count of smuggling goods from the United States, in violation of 18 U.S.C. § 554(a), as a result of her conduct in acquiring and delivering 15,265 rounds of ammunition to individuals in Mexico. The indictment also sought forfeiture of the ammunition or substitute property

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c). Cereceres pleaded guilty. The district court sentenced Cereceres to 33 months imprisonment followed by three years supervised release and a special assessment of $100 dollars. The district court also entered a forfeiture order permitting the United States to seek $3,939.99 of Cereceres's property as a substitute asset for the ammunition. On appeal, Cereceres challenges the validity of the forfeiture order and process, as well as the substantive and procedural reasonability of her sentence. We affirm.

1. Cereceres argues that the district court's statement at sentencing that "I'm going to order the forfeiture of any interest that this defendant may have had in the ammunition that was seized as part of this case" supplants the subsequent written order of forfeiture. However, soon after it made that statement, during the same hearing, the district court revised its statement and requested that the government file a written order of forfeiture that would be subject to objection from Cereceres and final approval by the court. As we interpret the district court's actions, the district court never actually made an oral forfeiture order. As we have held before, early statements in a sentencing hearing are not set "in stone," and judges may revise their orders "in light of new developments during the hearing." *United States v. Ochoa*, 809 F.3d 453, 458 (9th Cir. 2015). It is true as a general matter that an oral ruling on forfeiture at the sentencing hearing would control over a later written forfeiture order. *See United States v. Allen*, 157 F.3d 661, 668 (9th Cir.

2

1998). But we conclude that the district court's statement during the sentencing hearing did not constitute a final order of forfeiture at sentencing and did not control over the final written order entered by the court.

2. Cereceres argues that the district court did not comply with Federal Rule of Criminal Procedure 32.2 in issuing its forfeiture order. Because these procedural objections were not raised to the district court, they are reviewed for plain error. *United States v. Wilkes*, 662 F.3d 524, 550 (9th Cir. 2011). Cereceres argues that the district court failed to determine the amount of forfeiture under Rule 32.2(b)(1)(A). However, the court's order of forfeiture clearly reflects the district court's determination of the relevant property and its value. Cereceres argues that there was insufficient evidence in the record to determine the value of the ammunition for the purpose of calculating the value of substitute assets under Rule 32.2(b)(1)(B). However, this amount was properly shown, by a preponderance of the evidence, *United States v. Christensen*, 828 F.3d 763, 822 (9th Cir. 2015), using receipts from the purchase of the ammunition. Although 18 U.S.C. § 924(d)(2)(C) requires clear and convincing evidence to demonstrate that certain firearms or ammunition were intended to be used in certain offenses in order to be subject to forfeiture, there was never any dispute that 15,265 rounds of ammunition were subject to forfeiture in this case. Finally, while the district court did not formally enter a preliminary order of forfeiture in this case, that error was

completely harmless, as Cereceres was on notice that the government was seeking forfeiture and was given the opportunity to brief any objections to the forfeiture order before it was entered.

3. Cereceres argues that 18 U.S.C. § 924(d) does not permit the government to seek forfeiture of substitute assets under 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c). This objection was raised below, and we review a district court's interpretation of federal forfeiture law *de novo*. *United States v. $493,850.00 in U.S. Currency*, 518 F.3d 1159, 1164 (9th Cir. 2008). We resolved this argument decisively in *United States v. Valdez*. 911 F.3d 960 (9th Cir. 2018). Where property is subject to forfeiture under 18 U.S.C. § 924(d) and the government seeks criminal forfeiture under 28 U.S.C. § 2461(c), the substitute property procedures of 21 U.S.C. § 853(p) apply because § 853(p) is "incorporated by reference in § 2641(c). *Id.* at 963–65.

4. Cereceres argues that her sentence is procedurally erroneous and substantively unreasonable. We review sentencing decisions for abuse of discretion. *United States v. Torlai*, 728 F.3d 932, 936–37 (9th Cir. 2013). Cereceres argues that the district court committed procedural error for failing to consider mitigation based on "the defendant's mental and physical health and the aberrancy of the conduct." However, the transcript reflects that the district court considered the relevant factors and arguments, including the defendant's mental

4

health and the aberrancy of the conduct, ultimately applying a three-level downward variance. It is not procedural error for the court to decline to explicitly explain its consideration of each mitigation argument. *Rita v. United States*, 551 U.S. 338, 358 (2007). Cereceres argues that her sentence is substantively unreasonable in light of these mitigating factors. However, Cereceres's below-guidelines sentence was not substantively unreasonable considering the totality of the circumstances. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED.**