# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 20, 2010

No. 09-40793

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NOEMI MEZA , also known as Noemi Bermudez-Meza,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before STEWART, PRADO, and ELROD, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Defendant-Appellant Noemi Meza ("Meza") brings this appeal challenging the jurisdiction of the district court to impose a criminal sentence. Meza has been twice arrested for immigrant-trafficking. After allocution and at her most-recent sentencing, Meza faced a prison term for each of two counts—a new substantive charge and sentencing on the revocation of supervised release. The district court announced a sentence of a combined term of forty-three months for both charges. Thereafter, within the same hearing and upon application by Meza's counsel, the district court reformulated the sentence, but reached the same result: forty-three months.

No. 09-40793

Meza brings this appeal contending the amended sentence, as it relates to the revocation charge, was an improper modification of a sentence under 18 U.S.C. § 3582(c) and was proscribed by Federal Rule of Criminal Procedure 35(a). The Government argues that the sentencing judge's reformulation was permissible under the Federal Rules and that the authority upon which Meza relies is distinguishable. For the reasons outlined below, we AFFIRM the judgment and sentence of the district court.

## I. BACKGROUND

In 2005, Noemi Meza pled guilty to unlawfully transporting an undocumented alien for private financial gain by means of a motor vehicle, in violation of 8 U.S.C. § 1324(a)(1)(B)(i). The district court sentenced Meza to fifteen months of imprisonment and three years of supervised release. The district court further ordered Meza to perform 100 hours of community service within the first year of supervised release and to attend vocational training. Meza began serving her term of supervised release on August 4, 2006. In May 2008, the probation officer filed a report advising the district court that Meza had not satisfied her community service requirement. The probation officer recommended that Meza be given additional time within which to satisfy this obligation. The district court concurred with the recommendation and gave Meza until December 31, 2008 to complete her community service hours.

In March 2009, the probation officer filed a petition for a warrant. The petition alleged that Meza violated the terms of supervised release by committing a new federal offense of unlawfully transporting undocumented aliens. The probation officer recommended that Meza's supervised release be revoked, and that the revocation issue be handled at the time of the disposition of the new offense. The district court issued a warrant for Meza's arrest.

At a consolidated hearing on the two charges, the district court heard from counsel regarding sentencing and the contents of Meza's pre-sentence report.

2

No. 09-40793

At the conclusion of the hearing, the district court sentenced Meza to thirty-three months imprisonment on the new violation and ten months on the revocation of supervised release.[1]  The sentences were to run consecutively for a total of forty-three months.

The district court then informed Meza of her right to appeal.  Meza's attorney immediately advised the district court that the United States Sentencing Commission's Guidelines ("Guidelines") range on the new trafficking charge was incorrectly calculated, and that the correct range for the new offense was twenty-four to thirty months.

The district court then made the following statement:

> You are correct, which I'll change that, but I'm not going to change the total because I'm changing the revocation because very frankly I was inclined to do the high end of the revocation. But I figured that 43 months was sufficient here. So, the correct [G]uideline calculation, because I am obligated to insure we got it correct is 24 to 30 months. I will sentence you again at the high end of the Guideline, but then I'm going to sentence you to 13 months in revocation because I really–you know, this behavior concerned the court very much. And I believe the 43 months altogether is reasonable. So on the instant offense it is 30 months. On the revocation it is 13 months for a total of 43 months.  Anything further?

Meza did not make any objections, and the sentencing hearing was adjourned. Meza filed a timely notice of appeal.

---

[1] The district court calculated that on the new trafficking charge, the Guidelines range for this offense would be twenty-four to thirty-three months.  The district court's original imposition of thirty-three months spoke to its belief that the offenses committed were of a serious nature and that the conduct that compelled the entry of an initial sentence at the high end of the Guidelines range.  The district court calculated that on the revocation charge, Meza's Guidelines range was eight to fourteen months.  At all times, the district court's sentence as it related to the revocation charge stayed within the unchanged Guidelines range.

## II.  ANALYSIS

### A.    Standard of Review

The parties disagreed as to the standard of review.   The Government argues that Meza's failure to object to the reasonableness of her sentence directs a review on appeal for plain error.  Meza, however, claims appellate review is *de novo* because it is not the reasonableness of the sentence she contests, rather the district court's jurisdiction to impose the sentence.

It is the court, and not the parties, that determines the appropriate standard of review.  *United States v. Molina-Solorio*, 577 F.3d 300, 303 (5th Cir. 2009).  Because the basis of this appeal is as Meza suggests, this court reviews *de novo* whether the district court had authority to issue the sentence reformulation, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure. *United States v. Ross*, 557 F.3d 237, 239 (5th Cir. 2009).

### B.    Applicable Law

"[A] district court's authority to correct or modify a sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. §3582([c])." *United States v. Bridges,* 116 F.3d 1110, 1112 (5th Cir. 1997).  *See also United States v. Lopez,* 26 F.3d 512, 515 (5th Cir. 1994) (district court is authorized to modify term of imprisonment only if one or more bases permitted by § 3582(c) is applicable). "The only portion of § 3582(c) [relevant here] is the component of subsection (c)(1)(B) that authorizes a sentencing court to act pursuant to FED. R. CRIM. P. 35." *Lopez,* 26 F.3d at 515.  Under the version of Rule 35 in place at the time of sentencing, the district court was authorized to modify a sentence (1) to reflect a defendant's subsequent, substantial assistance or (2) "[w]ithin 7 days after sentencing" to "correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35.  Because any alleged variation to Meza's sentence is not the product of substantial assistance, the district court presumably acted pursuant to the second provision.

4

This court last addressed the area of sentence modifications in *Ross*. There, the defendant was arrested on charges of possession of child pornography and subsequently pled guilty to one count of the same. *Ross*, 557 F.3d at 237. Acquiescing to the defendant's pleas for leniency, that court initially sentenced the defendant to sixty months imprisonment, ten months below the low end of the Guidelines range. *Id.* at 239. Ten days after sentencing, that court, *sua sponte*, scheduled a re-sentencing hearing where it increased the sentence to seventy months. On appeal, this court vacated the subsequent sentence with instructions on remand to reinstate the initial sentence. *Id.* at 243.

## C.   The District Court did not modify Meza's criminal sentence.

Meza argues that the second utterance by the sentencing judge amounts to an improper modification of her criminal sentence. As an initial matter, we note that Meza's argument is not wholly without merit. The language employed by the district court could arguably support Meza's contentions. For example, the sentencing judge acknowledged that the second formulation of Meza's term of imprisonment was, in fact, a "re-sentence" when she indicated, "I will sentence you again . . ." Whether this language is attributable to imprecision or a tacit acknowledgment that the judge was in fact issuing a new sentence, neither scenario bolsters the Government's position that the entire course of events constituted one sentence. Yet, for Meza to find shelter in these words, the logical end of her argument necessitates the premise that the initial utterance by the sentencing judge was in fact a binding sentence. According to Meza, the district court's initial formulation of the sentence is the type which *instantaneously* strips the district court of its jurisdiction to sentence criminal defendants and *immediately* vests such jurisdiction with this court. This court has never adopted such a draconian rule, and we are not persuaded to do so now. With that said, we now apply *Ross* to Meza's appeal.

5

Meza rests the thrust of her legal argument on *Ross*, yet that case is distinguishable.    Here, unlike *Ross*, not only was the application for a modification made by a party, but it was also made within the same hearing, on the same day, within moments of the original pronouncement.  The unbroken sequence of actions in this case is a compelling factor in our consideration of Federal Rule of Criminal Procedure 35.  This counsels in favor of affirming the judgment and sentence of the district court and construing the totality of the events as one sentence.

Meza next contends that this court's unpublished opinion in *United States v. Cross* supports her position.  211 F.3d 593, 2000 WL 329247 (5th Cir. 2000). Meza's position is problematic.  In *Cross*, the defendant, upon that court's revocation of supervised release and imposition of a sentence, lodged a profanity-laden diatribe aimed at the sentencing judge.  2000 WL 329247, at *1. Subsequent to the defendant's outburst, the sentencing judge reconvened the hearing and increased the defendant's sentence. On appeal, this court, citing the sentencing court's want of authority in modifying the sentence, reversed and remanded with instructions to reinstate the original sentence.  *Id.*

As is the case with *Ross*, Meza's reliance on *Cross* is misplaced.  True, like *Cross*, any purported modification here happened within the same day and, in that respect, *Cross* avoids the temporal pitfalls inherent in *Ross*.  Yet, the modification in *Cross* happened after that sentencing judge gaveled the hearing adjourned.  *Cross,* 2000 WL 329247, at *1.  A modification in *Cross* required the sentencing judge to perform the affirmative act of reconvening the hearing and entering onto the record a sentence different than the one previously entered. *Id.*  The conclusion of the original sentencing hearing, and that court's renewal of the sentencing proceeding, make *Cross* readily distinguishable from this case. The instant case provides no formal break in the proceedings from which to logically and reasonably conclude that sentencing had finished.

No. 09-40793

The record before this court fails to support Meza's contention that the district court's second pronouncement of her sentence was an improper modification as that term has been interpreted by this court.

### III. CONCLUSION

Meza argues her sentence for the new trafficking charge should total thirty months, as the reformulation prescribes, but that the sentence for the revocation of supervised release remain intact from the first formulation: ten months. Meza effectively seeks both benefits of the bargain. As discussed above, Meza's position finds no sanctuary in our precedent. Accordingly, we AFFIRM the judgment and sentence of the district court.