**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

RAMON OCHOA,
*Defendant-Appellant*.

No. 14-10124

D.C. No.
1:08-cr-00067-LJO-2

OPINION

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted
December 8, 2014—San Francisco, California

Filed October 22, 2015

Before: Johnnie B. Rawlinson and Mary H. Murguia,
Circuit Judges, and Gloria M. Navarro, Chief District
Judge.[*]

Opinion by Judge Rawlinson;
Dissent by Chief District Judge Navarro

---

[*] The Honorable Gloria M. Navarro, Chief District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

## SUMMARY[**]

### Criminal Law

Affirming a two-year sentence imposed following violations of supervised release, the panel held that Fed. R. Crim. P. 35 was not intended to deprive the district court of jurisdiction to alter a sentence during the course of the same hearing.

The panel held that a sentence is not final—and Rule 35(a) does not apply—when there is no formal break in the proceedings from which to logically and reasonably conclude that sentencing had finished; that the district court's initial twelve-month-and-a-day sentence was not a binding sentence within the meaning of Rule 35; and that neither 18 U.S.C. § 3582(c) nor Rule 35 deprived the district court of jurisdiction to alter the defendant's sentence due to the defendant's apparently disrespectful conduct during the ongoing sentencing hearing.

Dissenting, Chief District Judge Navarro wrote that the majority's ruling, defying the unambiguous language of Rule 35 and the express limitation of § 3582(c), upholds the draconian decision of the sentencing court to suddenly double the term of incarceration initially pronounced based solely on a perception that the defendant was laughing at the court.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Carlton F. Gunn, Pasadena, California, for Defendant-Appellant.

Benjamin B. Wagner, United States Attorney, Camil A. Skipper, Appellate Chief, and Karen A. Escobar (argued), Assistant United States Attorney, Fresno, California, for Plaintiff-Appellee.

**OPINION**

RAWLINSON, Circuit Judge:

Appellant Ramon Ochoa (Ochoa) challenges the two-year sentence imposed following violations of his supervised release conditions. Ochoa specifically contends that the district court erred in increasing his sentence to the two-year statutory maximum based on Ochoa's apparently disrespectful conduct after the district court imposed a sentence of twelve months and a day. Ochoa maintains that the district court lacked jurisdiction to increase an already imposed sentence.[1] We do not agree.

## I. *BACKGROUND*

Ochoa was originally indicted for being a felon in possession of firearms and ammunition and for conspiracy to distribute marijuana. Ochoa pled guilty to the felon in possession of firearms and ammunition charge and was

---

[1] Ochoa has since withdrawn the other issues raised in his Opening Brief. *See* Notice of Withdrawal of Arguments dated May 15, 2015.

sentenced to seventy months' imprisonment and a thirty-six month period of supervised release.

While Ochoa was still subject to supervised release, the probation office pursued revocation based on Ochoa's failure to participate in a residential reentry center program as directed. The probation officer had modified Ochoa's conditions of supervision to include a 180-day stay at the reentry center "due to what [Ochoa] described as an unstable living situation at his parent's home . . ." However, Ochoa "demonstrated argumentative and disrespectful behavior towards the [reentry center] staff [,] . . . failed to follow staff directives, and while [the probation] officer attempted to speak to [Ochoa] regarding his behavior and placement, [Ochoa] was argumentative and disrespectful and stated he was going to 'walk away' from the program, without permission." In further support of revocation, the probation officer delineated that Ochoa had a prior history of violating reentry center policies, including testing positive for synthetic cannabis use, possession of a small knife, and abusive behavior towards the reentry center staff.

Because Ochoa's supervised release violation was a Grade C violation, the corresponding guidelines sentencing range was seven to thirteen months' imprisonment. The probation office recommended that the district court impose a sentence of twelve months and a day imprisonment. The government agreed with the recommended sentence.

During the revocation proceeding, the district court determined that the applicable statutory maximum was two years' imprisonment and that the sentencing guidelines range was seven to thirteen months' imprisonment. The district court initially observed that the recommended sentence of

twelve months and a day was "way too low" considering Ochoa's blatant disrespect for staff at the reentry center and for his probation officer. Ochoa responded that he did not intend to be disrespectful and apologized for his behavior. The district court then stated to Ochoa:

> You are disrespectful. You think you can do and say anything you want to say just simply because you disagree.
>
> That's not acceptable. You think that you are on the same level and the same par with people who are responsible to get you on the right track, and you are wrong there too.
>
> You think that the fact that committing a crime and then having rules to follow as a result of it shouldn't be that important to you, and you are wrong there too.
>
> You just have this idea that you can do whatever you want and you are just dead wrong. And I can tell you that no matter what I do here, you are going to be back in the system because you have an attitude that absolutely tells everybody on the face of the planet that you know more than they do, you are smarter than they do [sic], and the law is not for you.
>
> That's too bad. You know, you talk about wanting to see your children. This is a way not to see your children.

> I can't understand for the life of me, how you can't see that, but for whatever reason, you can't see it. And I don't get it, I don't understand it, but that's up to you. You make your choices and we respond to them.

Following these comments, the district court judge imposed a sentence of twelve months and a day. After the judge informed Ochoa of his right to appeal, he inquired if there was "[a]nything else?" While Ochoa's counsel attempted to clarify if Ochoa's supervision was terminated, the judge observed that Ochoa was laughing. Ochoa stated that he was laughing because he was "just surprised." The judge responded that Ochoa "just talked [himself] into more time" and explained to Ochoa that the court had "just lectured [him] about respect for the system and now you laugh at the court." Although Ochoa stated that he was not laughing at the court, the judge expressed the view that Ochoa "won't learn without giving the maximum," and imposed the statutory maximum sentence of two years' imprisonment. Ochoa's counsel did not object to the district court's imposition of the higher sentence.

Ochoa filed a timely notice of appeal of the sentence.

## II. *STANDARD OF REVIEW*

We review *de novo* the district court's jurisdiction to impose sentence. *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).

## III.  *DISCUSSION*

Relying on 18 U.S.C. § 3582(c), Ochoa contends that the district court lacked jurisdiction to increase his sentence once the district court pronounced a lower sentence.

18 U.S.C. § 3582(c) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that–(1) in any case . . . (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . .

In turn, Federal Rule of Criminal Procedure 35 states that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error" and defines "sentencing" as "the oral announcement of sentence." Fed. R. Crim. P. 35(a) & (c).

Although we have not addressed the specific issue raised in this case, other circuits have. In *United States v. Meza*, 620 F.3d 505 (5th Cir. 2010), the Fifth Circuit considered whether the district court lacked jurisdiction under 18 U.S.C. § 3582(c) to correct a sentence after pronouncement of sentence and advisement that the defendant had a right to appeal. *See id.* at 506–07. After the district court had pronounced a sentence of thirty-three months' imprisonment on the underlying charge and ten months' imprisonment on revocation of supervised release, defendant's attorney advised the district court that the sentencing range had been

miscalculated. *See id.* at 507. The court acknowledged and corrected the miscalculation, but reformulated the sentence to reach the same total months of imprisonment. Rather than thirty-three and ten months respectively, the court reformulated the sentence to correspond to the correct guideline range of thirty months for the underlying charge and thirteen months on revocation of supervised release. *See id.*

On appeal, the defendant challenged the district court's authority to reformulate the sentence after the sentence had been orally pronounced. *See id.* The defendant argued that the second statement by the sentencing judge correcting the miscalculation and reformulating the sentence constituted an impermissible modification of her sentence. *See id.* at 508. However, the Fifth Circuit reasoned that the defendant's argument would be viable only if "the initial utterance by the sentencing judge was in fact a binding sentence. . . ." *Id.* at 508.

The Fifth Circuit observed that it had never applied "a draconian rule" that would preclude the modification of a sentence "made within the same hearing, on the same day, within moments of the original pronouncement." *Id.* The Fifth Circuit explained that "[t]he unbroken sequence of actions in this case is a compelling factor in our consideration of Federal Rule of Criminal Procedure 35. This counsels in favor of . . . construing the totality of the events as one sentence." *Id.*[2]

---

[2] Our dissenting colleague asserts that the rule we announce today is the "draconian" one, because it recognizes the district court's power to double Ochoa's sentence in response to Ochoa's laughter at the sentencing hearing. *Dissenting Opinion*, pp. 17–18. This argument confuses the

The Fifth Circuit distinguished an unpublished disposition holding that the district court erred under Rule 35 by convening a separate hearing and modifying the defendant's sentence because the defendant "lodged a profanity-laden diatribe aimed at the sentencing judge" after sentence was imposed. *Id.* The Fifth Circuit faulted the district court in that case because "the modification . . . happened after that sentencing judge gaveled the hearing adjourned" and therefore "required the sentencing judge to perform the affirmative act of reconvening the hearing and entering onto the record a sentence different than the one previously entered. . . ." *Id.* at 508–09 (citation omitted). Unlike in the unpublished case, the Fifth Circuit reasoned in *Meza* that there was no "formal break in the proceedings," *id.* at 509, between the district court's announcement of the sentence and defense counsel's pointing out the district court's error. *See id.* at 506–07.

In a more recent case, *United States v. Gerezano-Rosales*, 692 F.3d 393 (5th Cir. 2012), the Fifth Circuit reiterated its reasoning. In *Gerezano-Rosales*, after the district court had orally pronounced sentence, it discovered that Gerezano

district court's jurisdiction to announce sentence with the reasonableness of the sentence it announces. The district court is required to formulate a sentence for a supervised release violation according to the factors referred to in 18 U.S.C. § 3583(c). Whether the district court unreasonably doubled Ochoa's sentence in response to Ochoa's behavior in light of those factors is not before us—Ochoa expressly withdrew all such contentions after oral argument. We therefore express no opinion on the matter. We note only that the reasonableness of the district court's increased sentence is a separate question from whether the district court had jurisdiction to increase the sentence in the first place. We hold that the district court retained jurisdiction to alter the sentence until a "formal break in the proceedings" occurred, *i.e.*, until the sentencing hearing concluded. *Gerezano-Rosales*, 692 F.3d at 397.

spoke English, which called into question some of the representations made by Gerezano during the sentencing hearing. *See id.* at 396.

After a mildly heated exchange with the defendant regarding Gerezano's negative attitude, the court made the following statement:

> I find that you are disrespecting me. I stand for the law of the United States and your demeanor is disrespectful. Your words are disrespectful. Everything about you so far has been disrespectful since I just sentenced you. That is changed circumstances. Because of that I find that the guidelines are no longer adequate. So your sentence instead of 71 months will now be 108 months. . . .

*Id.*

On appeal, Gerezano challenged the authority of the district court to "re-sentence" him after the initial sentence was pronounced. The Fifth Circuit concluded that the district court's initial, 71-month sentence was not a final sentence modifiable only according to § 3582(c) and Rule 35. The Fifth Circuit stated:

> As in *Meza*, we conclude that the district court's initial oral pronouncement of Gerezano's sentence did not constitute a binding sentence and therefore did not strip the court of jurisdiction to change its initial formulation. . . . Thus, there was no formal break in the proceedings from which to

logically and reasonably conclude that sentencing had finished. Accordingly, the district court did not lack jurisdiction to impose the 108-month sentence.

*Id.* at 397 (citation and internal quotation marks omitted).

Other courts are in accord with the Fifth Circuit's interpretation of 18 U.S.C. § 3582(c) and Rule 35. In *United States v. Luna-Acosta*, 715 F.3d 860, 865 (10th Cir. 2013), the Tenth Circuit observed that although "Rule 35(c) defines sentencing as the oral announcement of the sentence, nothing in the rule requires or suggests that whatever term or terms of imprisonment the district court first utters during a hearing is to be treated as the sentence . . ." (internal quotation marks omitted). The Tenth Circuit adopted the Fifth Circuit's holding in *Meza* that "a sentence is not final—and Rule 35(a) does not apply—when there is no formal break in the proceedings from which to logically and reasonably conclude that sentencing had finished. . . ." *Id.* (citation and internal quotation marks omitted); *see also United States v. Burgos-Andujar*, 275 F.3d 23, 32 (1st Cir. 2001) (concluding that the district court's alteration of a sentence during the same hearing did not violate Rule 35).

We are persuaded by the reasoning of our sister circuits, and conclude that Rule 35 was not intended to deprive the district court of jurisdiction to alter a sentence during the course of the same hearing. The rule Ochoa advocates would strip district courts of flexibility to respond to evolving circumstances during sentencing hearings. Here, for example, Ochoa's laughter signaled to the district court that Ochoa's lack of interest in cooperating with those tasked with his rehabilitation was as severe as the court originally

contemplated when remarking that the recommended sentence of twelve months and a day "seem[ed] . . . way too low." If the district court's initial twelve-month-and-a-day sentence were final under Rule 35, the district court would have been unable to adjust the sentence to account for this unexpected development. Unanticipated events may also work in the defendant's favor–a character witness might arrive at the hearing late, or a new piece of mitigating evidence might be discovered. Ochoa's proposed rule would preclude a district court from adjusting the sentence downward in light of new information favorable to the defendant.

When the Fifth Circuit called the rule that Ochoa proposes "draconian," this is what it meant–the rule would carve the district court's initial pronouncement of sentence in stone, preventing the court from revising the sentence in light of new developments during the hearing. *Meza*, 620 F.3d at 508. Consistent with the rule adopted by other circuits, we hold that "a sentence is not final—and Rule 35(a) does not apply—when there is no formal break in the proceedings from which to logically and reasonably conclude that sentencing had finished. . . ." *Luna-Acosta*, 715 F.3d at 865 (citation and internal quotation marks omitted).[3]

---

[3] According to our dissenting colleague, the plain text of Rule 35 provides that the district court's initial pronouncement of sentence is the final sentence, regardless of what might happen later during the hearing. *See Dissenting Opinion*, pp. 15–19. The dissent bases this conclusion on the definition in Rule 35 of "sentencing" as "the oral announcement of the sentence." Fed. R. Crim. P. 35(c). However, the dissent does not explain why "the oral announcement of the sentence" must mean only the initial pronouncement of the sentence; the phrase may just as well refer to the sentencing hearing as a whole. We think that the latter meaning better provides for "the just determination of every criminal proceeding" and

## IV.   *CONCLUSION*

We hold that the district court's initial, twelve-month-and-a-day sentence was not a binding sentence within the meaning of Federal Rule of Criminal Procedure 35. Accordingly, neither 18 U.S.C. § 3582(c) nor Rule 35 deprived the district court of jurisdiction to alter Ochoa's sentence due to Ochoa's apparently disrespectful conduct during the ongoing sentencing hearing.

**AFFIRMED.**

---

NAVARRO, Chief District Judge, dissenting:

I respectfully dissent. The majority's ruling upholds the draconian decision of the sentencing court to suddenly double the term of incarceration initially pronounced and impose the statutory maximum sentence based solely on a perception that the defendant was laughing at the court. Affirming this injudicious decree of the sentencing court defies the unambiguous language of Rule 35 of the Federal Criminal Rules of Procedure and the express limitation of 18 U.S.C. § 3582(c).

I.

The jurisdiction of district courts to reconsider terms of imprisonment after they are imposed is expressly limited by 18 U.S.C. § 3582(c). This section provides that a district

---

"fairness in administration," as it permits district courts flexibility in dealing with unexpected events at the hearing. Fed. R. Crim. P. 2.

court may not "modify a term of imprisonment once it has been imposed except . . . to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c).[1]　The scope of § 3582(c) is further clarified by Rule 35(c), which states: "As used in this rule, 'sentencing' means the oral announcement of the sentence."　Concordantly, subsection (a) of that rule limits a district court to modify an imposed sentence only upon a finding that the sentence was based on "arithmetical, technical, or other clear error."

Together, these provisions prohibit a district court from modifying a term of imprisonment after a sentence has been orally announced except for the reasons specifically set forth in Rule 35(a) or by statute.　Therefore, the question of whether the district court possessed jurisdiction to modify Ochoa's sentence after declaring "twelve months and a day" as his term of incarceration turns only upon whether that initial statement constituted an "oral announcement."　As used in Rule 35, "sentencing" occurs when a district court orally gives notice, in open court, of the terms of a defendant's sentence.[2]　After oral notice is given, § 3582

---

[1] Additionally, § 3582(c) provides that a district court may "reduce" a previously imposed sentence upon specific conditions, however, these provisions are not relevant to the instant case.

[2] It is fundamental that statutory construction must begin "with the language of the statute itself." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989); *see also, e.g.*, *Ingalls Shipbuilding, Inc. v. Dir., Office of Workers' Comp. Programs*, 519 U.S. 248, 255 (1997).　Where a "statute's language is plain, the sole function of the courts is to enforce it according to its terms." *Ron Pair Enters.*, 489 U.S. at 241.　This same principle applies equally to cases requiring the interpretation of Federal Rules of Criminal Procedure. *See United States v. John Doe, Inc. I*, 481 U.S. 102, 109 (1987); *Bowman Dairy Co. v. United States*, 341 U.S.

substantially restricts a district court's ability to modify the stated term of incarceration except for the reasons specifically identified in Rule 35(a).

As applied in this case, the district court orally gave public notice of Ochoa's sentence when it stated that Ochoa would be "committed to the custody of the Bureau of Prisons for the term . . . of twelve months and a day." After that moment, the district court lacked jurisdiction to increase Ochoa's term of incarceration without specifically finding that the sentence imposed had resulted from "arithmetical, technical, or other clear error," as stated in Rule 35(a). The fact that the district court began to inform Ochoa of his right to appeal is further evidence that the pronouncement of sentence was complete, as that advice is to be given only "[a]fter sentencing." Fed. R. Crim. P. 32(j)(1)(B).

However, without regard for the procedure required by Rule 32 or the restrictions of § 3582 or Rule 35, the district court abruptly doubled Ochoa's term of incarceration to the statutory maximum without specifying a reason for the modification other than its belief that Ochoa had begun laughing at the court and "would not learn" respect unless he was given the statutory maximum.

> THE COURT: You think this is funny?
>
> THE DEFENDANT: No way.

---

214, 220 (1951). In common usage, to "announce" means "to give public notice of." *Webster's Third New International Dictionary* 87 (1986); *see also* 1 *Oxford English Dictionary* 485 (2d ed. 1989) ("to make known as an official messenger"); *Black's Law Dictionary* 104 (9th ed. 2009) ("to make publicly known.").

THE COURT: What is the laughter about?

THE DEFENDANT: I'm just surprised.

THE COURT: Well, you just talked yourself into more time.

THE DEFENDANT: I'm surprised that –

THE COURT: No, don't do that. I have just lectured you about respect for the system –

THE DEFENDANT: I heard that.

THE COURT: – and now you laugh at the Court.

THE DEFENDANT: Your Honor, I didn't at all.

THE COURT: Yes, you did. Therefore, the Court finds that you won't learn without giving the maximum, and I'm giving the statutory maximum of two years, and it starts now. That's it. You are done.

Because the district court did not articulate either a proper Rule 35 or other valid statutory basis for varying from the guideline range and modifying the twelve-month-and-one-

day term of incarceration,[3] it lacked jurisdiction to increase Ochoa's sentence.

## II.

Nevertheless, the majority sidesteps § 3582 and Rule 35 entirely, while conspicuously declining to explain how the district court's initial recitation of Ochoa's sentence of twelve months and a day could have been anything other than an "oral announcement." The majority simply dismisses Rule 35(c)'s clear limitation as "draconian," and adopts an alternative rule conjured up by the Fifth Circuit in *United States v. Meza*, 620 F.3d 505 (5th Cir. 2010). In that case, the Fifth Circuit held that, after a sentence is orally announced, a district court maintains jurisdiction to re-impose a different sentence for any reason it sees fit without limitation so long as there has been no "formal break in the proceedings."

The fact that the majority dismisses the plain meaning of § 3582 and Rule 35 as "draconian" is particularly ironic in light of the facts of this case. If the Court gave regard to these provisions, Ochoa would serve only the original sentence of one year and a day. However, by applying the Fifth Circuit's *Meza* rule, the majority upholds an additional year of confinement that was imposed as a consequence for Ochoa's act of laughing at the district court. Considering the severe outcome in this case, it is readily apparent that the more "draconian" rule is the one that the majority has adopted today, which allows a sentencing judge to double the

---

[3] "[T]o promote respect for the law" is omitted from subsection (e) of § 3583 and not a factor to be considered during sentencing for a supervised release violation.

announced sentence and impose the statutory maximum because he believed the defendant laughed at him.

Moreover, the pragmatic concerns raised by the Fifth Circuit in *Meza* to justify the creation of its "formal break" rule were ill-founded because those concerns could and should have more properly been resolved by simply applying Rule 35(a). In *Meza*, the district court was made aware of a miscalculation in the sentencing guideline range immediately after it had announced the defendant's sentence and read her appellate rights. The district court then immediately issued a different sentence using the correct guideline range. Given these facts, the Fifth Circuit could have simply looked to Rule 35(a), and held that after the original sentence was announced, the district court properly found that the sentence resulted from an "arithmetical, technical, or other clear error" and corrected it accordingly.

Instead of recognizing that their concerns could be addressed within the framework of § 3582 and Rule 35, the *Meza* Court called these provisions "draconian," ignored their clear jurisdictional limitations upon the inherent common law authority of the sentencing courts, and fabricated the "formal break" rule herein adopted by the majority. In its attempt to solve a problem that did not actually exist, the *Meza* Court manufactured a rule that weakens the finality of the sentence pronouncement and empowers parties to implore the court to reconsider its pronouncement right up until the break. The decision of the majority is not supported by the relevant statutory text, and perversely permits district courts to increase sentences at an arbitrary whim so long as the modified sentence is imposed before the bang of a gavel. The instant case demonstrates precisely how it is actually the

correct application of Rule 35(c) which *prevents* such draconian outcomes.

It is also important to remember that a more valid avenue exists outside of § 3582 and Rule 35 by which a district court may punish a defendant whose courtroom misbehavior "obstruct[s] the administration of justice." 18 U.S.C. § 401. Indeed, this Court has previously held, "The inherent power of the courts to punish contempt of their authority and to coerce compliance with orders is not disputed." *United States v. Powers*, 629 F.2d 619, 624 (9th Cir. 1980). Therefore, if the district court felt it necessary to punish Ochoa for his purported disrespectful courtroom behavior, it should have initiated contempt proceedings rather than rashly increase his term of incarceration for the underlying offense.

III.

Section 3582 and Rule 35 impose unambiguous limitations upon the jurisdiction of district courts to change their minds after imposing a sentence upon a defendant. These provisions embody the notion that a judge's decision as to how long a defendant should be involuntarily imprisoned must be careful, measured, and deliberate—not subject to impulsive change or emotional whims. Casting aside the clear limitations required by these provisions, the majority upholds a sentence that was imposed out of haste and imprudence, based on conduct that occurred within the courtroom. It is hard to imagine a more draconian rule than the one adopted by the majority today. Therefore, under a plain reading of § 3582 and Rule 35, the improperly modified

imposition of a two-year term of incarceration should be vacated and the original sentence of twelve months and a day should be reinstated.

For the foregoing reasons, I respectfully DISSENT.