NAVARRO, Chief District Judge,
dissenting:
I respectfully dissent. The majority’s ruling upholds the draconian decision of the sentencing court to suddenly double the term of incarceration initially pronounced and impose the statutory maximum sentence based solely on a perception that the defendant was laughing at the court. Affirming this injudicious decree of the sentencing court defies the unambiguous language of Rule 35 of the Federal Criminal Rules of Procedure and the express limitation of 18 U.S.C. § 3582(c).
I.
The jurisdiction of district courts to reconsider terms of imprisonment after they are imposed is expressly limited by 18 U.S.C. § 3582(c). This section provides that a district court may not “modify a term of imprisonment once it has been imposed except ... to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.” 18 U.S.C. § 3582(c).[1] The scope of § 3582(c) is further clarified by Rule 35(c), which states: “As used in this rule, ‘sentencing’ means the oral announcement of the sentence.” Concordantly, subsection (a) of that rule limits a district court to modify an imposed sentence only upon a finding that the sentence was based on “arithmetical, technical, or other clear error.”
Together, these provisions prohibit a district court from modifying a term of imprisonment after a sentence has been orally announced except for the reasons specifically set forth in Rule 35(a) or by statute. Therefore, the question of whether the district court possessed jurisdiction to modify Ochoa’s sentence after declaring “twelve months and a day” as his term of incarceration turns only upon whether that initial statement constituted an “oral announcement.” As used in Rule 35, “sentencing” occurs when a district court orally gives notice, in open court, of the terms of *460 a defendant’s sentence.[2] After oral notice is given, § 3582 substantially restricts a district court’s ability to modify the stated term of incarceration except for the reasons specifically identified in Rule 35(a).
As applied in this case, the district court orally gave public notice of Ochoa’s sentence when it stated that Ochoa would be “committed to the custody of the Bureau of Prisons for the term ... of twelve months and a day.” After that moment, the district court lacked jurisdiction to increase Ochoa’s term of incarceration without specifically finding that the sentence imposed had resulted from “arithmetical, technical, or other clear error,” as stated in Rule 35(a). The fact that the district court began to inform Ochoa of his right to appeal is further evidence that the pronouncement of sentence was complete, as that advice is to be given only “[a]fter sentencing.” Fed.R.Crim.P. 32(j)(l)(B).
However, without regard for the procedure required by Rule 32 or the restrictions of § 3582 or Rule 35, the district court abruptly doubled Ochoa’s term of incarceration to the statutory maximum without specifying a reason for the modification other than its belief that Ochoa had begun laughing at the court and “would not learn” respect unless he was given the statutory maximum.
THE COURT: You think this is funny?
THE DEFENDANT: No way.
THE COURT: What is the laughter about?
THE DEFENDANT: I’m just surprised.
THE COURT: Well, you just talked yourself into more time.
THE DEFENDANT: I’m surprised that—
THE COURT: No, don’t do that. I have just lectured you about respect for the system—
THE DEFENDANT: I heard that.
•THE COURT: —and now you laugh at the Court.
THE DEFENDANT: Your Honor, I didn’t at all.
THE COURT: Yes, you did. Therefore, the Court finds that you won’t learn without giving the maximum, and I’m giving the statutory maximum of two years, and it starts now. That’s it. You are done.
Because the district court did not articulate either a proper Rule 35 or other valid statutory basis for varying from the guideline range and modifying the twelvemonth-and-one-day term of incarceration,[3] it lacked jurisdiction to increase Ochoa’s sentence.
*461 II.
Nevertheless, the majority sidesteps § 3582 and Rule 35 entirely, while conspicuously declining to explain how the district court’s initial recitation of Ochoa’s sentence of twelve months and a day could have been anything other than an “oral announcement.” The majority simply dismisses Rule 35(c)’s clear limitation as “draconian,” and adopts an alternative rule conjured up by the Fifth Circuit in United States v. Meza, 620 F.3d 505 (5th Cir.2010). In that case, the Fifth Circuit held that, after a sentence is orally announced, a district court maintains jurisdiction to reimpose a different sentence for any reason it sees fit without limitation so long as there has been no “formal break in the proceedings.”
The fact that the majority dismisses the plain meaning of § 3582 and Rule 35 as “draconian” is particularly ironic in light of the facts of this case. If the Court gave regard to these provisions, Ochoa would serve only the original sentence of one year and a day. However, by applying the Fifth Circuit’s Meza rule, the majority upholds an additional year of confinement that was imposed as a consequence for Ochoa’s act of laughing at the district court. Considering the severe outcome in this case, it is readily apparent that the more “draconian” rule is the one that the majority has adopted today, which allows a sentencing judge to double the announced sentence and impose the statutory maximum because he believed the defendant laughed at him.
Moreover, the pragmatic concerns raised by the Fifth Circuit in Meza to justify the creation of its “formal break” rule were ill-founded because those concerns could and should have more properly been resolved by simply applying Rule 35(a). In Meza, the district court was made aware of a miscalculation in the sentencing guideline range immediately after it had announced the defendant’s sentence and read her appellate rights. The district court then immediately issued a different sentence using the correct guideline range. Given these facts, the Fifth Circuit could have simply looked to Rule 35(a), and held that after the original sentence was announced, the district court properly found that the sentence resulted from an “arithmetical, technical, or other clear error” and corrected it accordingly.
Instead of recognizing that their concerns could be addressed within the framework of § 3582 and Rule 35, the Meza Court called these provisions “draconian,” ignored their clear jurisdictional limitations upon the inherent common law authority of the sentencing courts, and fabricated the “formal break” rule herein adopted by the majority. In its attempt to solve a problem that did not actually exist, the Meza Court manufactured a rule that weakens the finality of the sentence pronouncement and empowers parties to implore the court to reconsider its pronouncement right up until the break. The decision of the majority is not supported by the relevant statutory text, and perversely permits district courts to increase sentences at an arbitrary whim so long as the modified sentence is imposed before the bang of a gavel. The instant case demonstrates precisely how it is actually the correct application of Rule 35(c) which prevents such draconian outcomes.
It is also important to remember that a more valid avenue exists outside of § 3582 and Rule 35 by which a district court may punish a defendant whose courtroom misbehavior “obstruct[s] the administration of justice.” 18 U.S.C. § 401. Indeed, this Court has previously held, “The inherent power of the courts to punish contempt of their authority and to coerce compliance with orders is not disputed.” United *462 States v. Powers, 629 F.2d 619, 624 (9th Cir.1980). Therefore, if the district court felt it necessary to punish Ochoa for his purported disrespectful courtroom behavior, it should have initiated contempt proceedings rather than rashly increase his term of incarceration for the underlying offense.
m.
Section 3582 and Rule 35 impose unambiguous limitations upon the jurisdiction of district courts to change their minds after imposing a sentence upon a defendant. These provisions embody the notion that a judge’s decision as to how long a defendant should be involuntarily imprisoned must be careful, measured, and deliberate — not subject to impulsive change or emotional whims. Casting aside the clear limitations required by these provisions, the majority upholds a sentence that was imposed out of haste and imprudence, based on conduct that occurred within the courtroom. It is hard to imagine a more draconian rule than the one adopted by the majority today. Therefore, under a plain reading of § 3582 and Rule 35, the improperly modified imposition of a two-year term of incarceration should be vacated and the original sentence of twelve months and a day should be reinstated.
For the foregoing reasons, I respectfully DISSENT.

. Additionally, § 3582(c) provides that a district court may "reduce” a previously imposed sentence upon specific conditions, however, these provisions are not relevant to the instant case.

. It is fundamental that statutory construction must begin "with the language of the statute itself." United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); see also, e.g., Ingalls Shipbuilding, Inc. v. Dir., Office of Workers’ Comp. Programs, 519 U.S. 248, 255, 117 S.Ct. 796, 136 L.Ed.2d 736 (1997). Where a "statute's language is plain, the sole function of the courts is to enforce it according to its terms." Ron Pair Enters., 489 U.S. at 241, 109 S.Ct. 1026. This same principle applies equally to cases requiring the interpretation of Federal Rules of Criminal Procedure. See United States v. John Doe, Inc. I, 481 U.S. 102, 109, 107 S.Ct. 1656, 95 L.Ed.2d 94 (1987); Bowman Dairy Co. v. United States, 341 U.S. 214, 220, 71 S.Ct. 675, 95 L.Ed. 879 (1951). In common usage, to "announce” means "to give public notice of.” Webster’s Third New International Dictionary 87 (1986); see also 1 Oxford English Dictionary 485 (2d ed. 1989) ("to make known as an official messenger”); Black's Law Dictionary 104 (9th ed. 2009) ("to make publicly known.”).

. "[T]o promote respect for the law” is omitted from subsection (e) of § 3583 and not a factor to be considered during sentencing for a supervised release violation.